# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| DAMIEN ANDERSON, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-175-RWS-CMC |
| v. | § | |
| | § | |
| STEPHEN MUNGER, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Plaintiff Damien Munger filed this civil action under 42 U.S.C. § 1983 complaining of deprivations of his constitutional rights. This Court referred the lawsuit to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On November 28, 2017, Plaintiff was ordered to pay an initial partial filing fee of $13.80 in accordance with 28 U.S.C. § 1915(b). Docket No. 8. He received a copy of this order on November 29, 2017. Docket No. 9. However, Plaintiff never paid the fee, and indeed, he did not contact the Court in any way after receiving the order.

On April 15, 2019, the Magistrate Judge issued a report recommending the lawsuit be dismissed without prejudice for failure to prosecute. Docket No. 10. A copy of this order was sent to Plaintiff at his last known address, but it was returned and noted Plaintiff was no longer there. Docket No. 11.

In filing the complaint, Plaintiff declared, "I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Docket No. 1 at 4. The Court has no duty to locate litigants, particularly where a litigant has been advised of his responsibility to keep a current

address with the Court. *See Jones v. Heart*, No. 3:13CV856-HTW-LRA, 2014 WL 1665006, at *1 (S.D. Miss. Apr. 23, 2014) (The Court "does not locate addresses for service on behalf of litigants in civil cases.").

Because no objections to the Magistrate Judge's Report have been file, Plaintiff is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, he is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** the statute of limitations is suspended for a period of 90 days following the date of entry of the final judgment.

**So ORDERED and SIGNED this 8th day of July, 2019.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE